IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARK J. RICH,

        Plaintiff,            1:14-cv-00393-PA

                                      **ORDER**

    v.

WELLS FARGO BANK, NA;
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Defendants.

---

**PANNER, J.**

This matter comes before the Court on Defendants' Motion to Dismiss (#9). Defendants' Motion is GRANTED.

### Background

Plaintiff in this case took out a loan from Defendant Wells Fargo Bank for $227,280 on March 22, 2006. That loan was secured by a Deed of Trust on property in Talent, Oregon.

1  - ORDER

## Legal Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

## Discussion

### A. Plaintiff's Quiet Title Claim

Plaintiff's claim for quiet title appears to allege only that Defendants have a mortgage on his property as evidenced by the Note and Deed of Trust. Oregon is a "lien theory" state, meaning that a mortgage on real property does not convey legal or equitable title to the holder of the mortgage, but rather signifies only a lien on the property. Kerr v. Miller, 159 Or. App. 613, 621 (1999); see also Tabb v. One West Bank, FSB, 3:10-

cv-855-ST, 2011 WL 4448752 at *9 (D. Or. Aug. 26, 2011).

It does not appear from the Complaint that Defendants have foreclosed on Plaintiff's property, or that a foreclosure is even pending. As Defendants hold a lien on the property and do not appear to dispute Plaintiff's title, I conclude that Plaintiff has not adequately pled a claim for quiet title. This claim is DISMISSED.

### B. Plaintiff's Other Claims

The Complaint appears to allege a number of other claims, which I have done my best to separate out below.

#### 1. Negligent Misrepresentation

Plaintiff alleges "misrepresentation" by Defendants, which I interpret as a claim for negligent misrepresentation.

Under Oregon law, a negligent misrepresentation claim for economic losses "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 159 (1992). A party may be held to such a heightened duty if there is a "special relationship" in which "the party sought to be held liable had some obligation to pursue the interests of the other party." Conway v. Pacific Univ., 324 Or. 231, 237 (1996).

The allegations contained within the Complaint, however, only indicate that an ordinary creditor-debtor relationship existed between the parties in this case. The Oregon Supreme Court has declined to find a heightened duty under such

3 - ORDER

circumstances, instead describing the creditor-debtor relationship as "arm's-length" and "commercial." <u>Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.</u>, 320 Or. 638, 650 (1995).

I cannot, therefore, conclude that any special relationship existed between the parties that would support the heightened duty needed to sustain a negligent misrepresentation claim. Accordingly, this claim is DISMISSED.

### 2. Fraud

Plaintiff alleges a "conspiracy to defraud" which I interpret as a claim for fraud. In order to state a claim for fraud under Oregon law, a plaintiff must plead the following elements: 1) a representation; 2) its falsity; 3) its materiality; 4) the speakers knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury. <u>Webb v. Clark</u>, 274 Or. 387, 391 (1976).

Under Fed. R. Civ. P. 9(b), fraud is subject to heightened pleading standards. <u>WPP Luxembourg Gamma Three Sarl v. Spot Runner Inc.</u>, 655 F.3d 1039, 1047 (9th Cir. 2011). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In this case, Plaintiff repeatedly alleges that Defendants

4 - ORDER

made false promises and representations to him in order to induce him to enter into the loan. What precisely those promises were is less than clear. Nor is it clear how Plaintiff has been injured by the alleged fraudulent promises. To the extent that Plaintiff has pled any of the elements for fraud, he has done so in only the most conclusory fashion, without any of the particularity required by Rule 9. This claim is DISMISSED.

### 3. Breach of Contract

Plaintiff appears to allege that Defendants have breached a contract (presumably the Note and Deed of Trust) by securitizing Plaintiff's loan. To state a claim for breach of contract, a plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damage to the plaintiff. Slover v. Oregon State. Bd. of Clinical Soc. Workers, 144 Or. App. 565, 570 (1996).

In this case, Plaintiff does not identify any term of either the Note or the Deed of Trust which prohibits securitization. To the contrary, Section 20 of the Deed of Trust says that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." This clearly demonstrates that sale of the beneficial interest was contemplated in the contract. Accordingly, Plaintiff cannot sustain a claim for breach of contract on this basis. This claim is DISMISSED.

5 - ORDER

### 4. Cloud on Title

To state a claim to remove a cloud on title, a plaintiff must allege that a seemingly valid claim or encumbrance is, in fact, invalid. Moores v. Clackamas Cnty., 40 Or. 536, 539 (1902).

In this case, Plaintiff appears to allege that the securitization of his loan has rendered the encumbrance invalid. Courts in this district have consistently held that the securitization of a loan will not invalidate it. See, e.g. Maixner v. BAC Home Loans Servicing, LP, No. 10-3037-CL, 2011 WL 7153929 at *11 (D. Or. Oct. 26, 2011). This is especially true in light of the express term of the Deed of Trust which permit the sale of the Note in whole or in part. Accordingly, this claim is DISMISSED.

### 5. Presentation of the Note

The Complaint alleges that Defendants have failed to comply with the terms of ORS 73.0104(2)(b). There is no such subsection. The language Plaintiff quotes would rather appear to come from ORS 73.0501(2)(b).

ORS 73.0501(2)(b) requires that upon demand, the person making presentment must 1) exhibit the instrument, 2) give reasonable identification, and 3) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made. ORS 73.0501(2)(b). The terms of ORS 73.0501(2)(b) are, however, subject to the "agreement of the parties." ORS 73.0501(2).

6  -  ORDER

In this case, the express terms of Section 10 of the Note waive the parties' rights of presentment. Accordingly, ORS 73.0501(2)(b) does not apply. This claim is DISMISSED.

### C. Dismissal Without Prejudice

Pro se pleadings are held to less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Before dismissing a pro se complaint, the court must, in many circumstances, instruct the pro se litigant as to the deficiencies in the complaint and grant leave to amend. See Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

Although Plaintiff's complaint does not presently state a claim for which relief can be granted, it is not impossible that Plaintiff could cure the deficiencies and submit an amended complaint that did state a claim. Accordingly, I dismiss without prejudice. Plaintiff shall have thirty days from the date of this Order to submit an amended complaint.

### CONCLUSION

Defendants' Motion to Dismiss (#9) is GRANTED. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.

IT IS SO ORDERED.

DATED this 18 day of June, 2014.

OWEN M. PANNER
U.S. DISTRICT JUDGE