IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARK J. RICH,

        Plaintiff,              1:14-cv-00393-PA

                                    **ORDER**

    v.

WELLS FARGO BANK, NA;
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Defendants.

---

**PANNER, J.**

    This matter comes before the Court on Defendants' Motion to Dismiss the Amended Complaint (#27). Defendants' Motion is GRANTED.

### Background

    Plaintiff in this case took out a loan from Defendant Wells Fargo Bank for $227,280 on March 22, 2006. That loan was secured

1  - ORDER

by a Deed of Trust on property in Talent, Oregon.

This case was removed to this Court on March 10, 2014. On June 18, 2014, I granted Defendants' Motion to Dismiss the original Complaint in a detailed Order explaining the deficiencies in the original Complaint (#21). Plaintiff timely filed an Amended Complaint (#26).

## Legal Standard

Where the Court lacks subject-matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). Article III jurisdiction requires both standing and the existence of a "case or controversy." See ACLU of Nev. v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012). If there is "no actual or live controversy" between the parties, the plaintiff lacks standing to bring the suit. Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). Standing requires that the plaintiff have suffered an injury that is "concrete and particularized" as well as "actual or imminent." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). There must also be a causal connection between the plaintiff's injury and the defendant's actions. Id. Finally, it must be likely that this injury "will be redressed by a favorable decision." Id. at 560-61. If the plaintiff lacks standing, the court must dismiss the suit for lack of jurisdiction.

While the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, permits federal courts to hear suits for declaratory judgment, there must be an actual controversy between the parties. This requirement is akin to the Article III case or

2 - ORDER

controversy requirement: the dispute must "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). In essence, declaratory judgment is only proper where "facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality." Id.

### Discussion

Plaintiff's Amended Complaint seeks declaratory judgment that the Note and Deed of Trust on his property are invalid. Defendants contend that no justiciable controversy exists and that the Amended Complaint should be dismissed.

### I. Lack of Justiciable Controversy

Although the DJA permits federal courts to exercise Article III jurisdiction to make declaratory judgments, such jurisdiction is only proper when the action addresses an immediate, real, and substantial controversy between the parties. MedImmune, 549 U.S. at 127. In the foreclosure context, courts in this District have held that in the absence of a pending foreclosure proceeding, there is no case or controversy, and declaratory relief is inappropriate. Brown v. HSBC Bank USA, NA, No. 3:13-cv-317-MO, 2013 WL 5603292, at *3 (D. Or. Oct. 11, 2013). Nor is the "mere possibility of future foreclosure action by defendants enough to create a real and immediate controversy between the parties."

3 - ORDER

Id.; see also Kichatov v. Nationstar Mortg. Inc. No. 3:13-cv-00103-BR, 2013 WL 3025981, at *4 (D. Or. June 14, 2013); Magno v. U.S. Bank, NA, No. 3:11-cv-00332-MO, 2013 WL 1636074, at *4 (D. Or. Apr. 16, 2013); Clow v. Bank of America, No. 10-2093-CL, 2011 WL 7153930, at *3 (D. Or. Dec. 19, 2011).

As I noted in my previous Order, Plaintiff's original Complaint did not allege that a foreclosure was pending or contemplated. Neither Plaintiff's Amended Complaint or his Response in opposition to Defendant's Motion to Dismiss allege any pending foreclosure. I conclude, therefore, that no "case or controversy" exists which would permit the exercise of federal jurisdiction over Plaintiff's claim for declaratory relief.

## II. Plaintiff's Other Claims

Although Plaintiff's Amended Complaint only explicitly raises a claim for declaratory relief, his Response to Defendants' Motion to Dismiss (#28) reiterates many of the claims raised in his original complaint. These claims include allegations that securitization of Plaintiff's loan has rendered the lien invalid, as well as allegations that Defendants have violated their duty of presentment. To the extent that they are re-alleged here, they are DISMISSED for the reasons set forth in my previous Order (#21).

## III. Dismissal With Prejudice

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Before dismissing a pro se complaint, the court

4   - ORDER

must, in many circumstances, instruct the pro se litigant as to the deficiencies in the complaint and grant leave to amend. See Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987). A district court's discretion to deny leave to amend is particularly broad when the plaintiff has already amended his complaint with the benefit of specific instruction from the court on its deficiencies. Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013).

In my Order dismissing the original Complaint (#21), I provided Plaintiff with detailed instruction on the deficiencies in that Complaint. Plaintiff's Amended Complaint remains legally deficient, due in large part to the previously identified deficiencies. I see no way in which it might be amended to state a claim. Accordingly, dismissal is with prejudice.

## CONCLUSION

Defendants' Motion to Dismiss (#27) is GRANTED. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this **15** day of October, 2014.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

5  - ORDER